UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK BEY,<br><br>      Plaintiff,<br><br>      v.<br><br>JAMES DIMON, et al.,<br><br>      Defendants. | Case No. 19-cv-07122-PJH<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**<br><br>Re: Dkt. No. 12 |

Defendant JP Morgan Chase & Co.'s ("defendant JP Morgan Chase") and JP Morgan Chase Bank N.A.'s chief executive officer, James Dimond ("defendant Dimond") (collectively, "defendants"),[1] motion to dismiss plaintiff Kirk Bey's ("plaintiff") complaint came on for hearing before this court on January 15, 2020. Plaintiff appeared pro se. Defendants appeared through their counsel, Michael Gonzalez. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby **GRANTS** defendants' motion **WITH PREJUDICE** for the following reasons.

In his complaint, plaintiff alleges various civil and criminal claims against defendants, including for fraud, refusal to acknowledge entitlement to property, and violations of Title 18 U.S.C. § 1962 (Racketeer Influenced and Corrupt Organization

---

[1] Technically, JP Morgan Chase Bank, N.A. filed the instant motion to dismiss on grounds that plaintiff actually intended to sue it (the bank's national association), as opposed to the two named defendants, given that "[t]he allegations appear to relate to plaintiff's mortgage" and no allegations were directed at defendant Dimond personally. Dkt. 12 at 1 n.1. Plaintiff did not contest JP Morgan Chase Bank, N.A.'s assertion of mistaken identity or its ability to do so. As a result, the court will recognize the national association's motion as valid.

1   ("RICO")), § 153 (embezzlement), and §§ 241-242 (conspiracy and deprivation of rights).

2   Dkt. 1 (Compl.) at 3-5, 7.  All of plaintiff's claims arise from defendants' filing an

3   "illegitimate claim" against plaintiff's "property/estate suggesting" that he is a "debtor" of a

4   mortgage agreement entered into by his "former artificial entity" (i.e., his former name,

5   Kirk Eugene Nervis) concerning certain real property in Oakland, California where plaintiff

6   lives. Id. at 3-4.  Plaintiff alleges that as an "Aboriginal Moor" with a "birthright entitlement"

7   to his "own land/estate," he "liened" his prior entity (Kirk Eugene Nervis) and its

8   "property/estate" and then conveyed such property under his "Moor Nation Trust." Id. at

9   4.  According to plaintiff, because of that purported conveyance, he is "not a debtor on

10  [his] own land/estate." Id.  As a result, plaintiff alleges, defendant JP Morgan Chase's

11  attempt to involve itself in the subject property (apparently by forcing the property's sale,

12  Dkt. 19 at 2) or otherwise require him to use "unlawful" fiat (the United States Dollar) to

13  fulfill the mortgage agreement's obligations constitutes some combination of fraud,

14  embezzlement, and conspiracy to deprive plaintiff of his rights. Compl. at 4.

15      Here, the court concludes that plaintiff fails to state a claim.  As an initial matter,

16  plaintiff fails to set forth any of the underlying elements to any of his claims—much less

17  allege sufficiently specific facts in satisfaction of Rule 8 or Rule 9(b)'s pleading

18  requirements.  In their motion, defendants enumerated numerous such factual

19  deficiencies, Dkt. 12 at 5-7, which plaintiff failed to explain (or even address) in his

20  belated opposition, Dkt. 19.  Further, plaintiff's attempt to sue defendants under Title 18

21  U.S.C. § 153 and §§ 241, 242 separately fails because those sections are criminal in

22  nature, which, as a general matter, do not provide for civil liability.  Aldabe v. Aldabe, 616

23  F.2d 1089, 1092 (9th Cir. 1980) ("Appellant also claimed relief under 18 U.S.C. §§ 241

24  and 242.  These criminal provisions, however, provide no basis for civil liability.").

25      Most fatal, though, plaintiff's claims rests upon the theory that—**because** of his

26  alleged status as a Moor—he somehow owns the property or is otherwise immune from

27

28

2

1   generally applicable laws.[2]  Aside from a citation to the treaty provision detailed at Article

2   VI of the United States Constitution, plaintiff failed to proffer any authority in support of

3   this theory or otherwise explain why the Constitution's treaty provision confers him with

4   ownership of the subject property.  In any event, courts reject any argument that one's

5   status as a Moor makes him or her a sovereign citizen who is immune from otherwise

6   generally applicable law.  Bey v. State, 847 F.3d 559, 561 (7th Cir. 2017) ("Nor is there

7   any basis for his contention that he is not required to pay *any* taxes because being a

8   Moor makes him a sovereign citizen; he may be a Moor but—we emphasize, in the hope

9   of staving off future such frivolous litigation—he is not a sovereign citizen. He is a U.S.

10  citizen and therefore unlike foreign diplomats has no immunity from U.S. law.") (emphasis

11  in the original); United States v. Coleman, 871 F.3d 470, 476 (6th Cir. 2017) (rejecting

12  argument similar to the "meritless rhetoric frequently espoused by tax protesters,

13  sovereign citizens, and self-proclaimed Moorish-Americans."); Bey v. Gascon, 2019 WL

14  5191012, at *5 (N.D. Cal. Oct. 15, 2019) (rejecting argument that a court lacked

15  jurisdiction under a "'sovereign citizen' theory because [the party] considers himself a

16  'Moorish-American National.'"); Bey v. Peltier, 2018 WL 1858189, at *3 (C.D. Cal. Jan.

17  25, 2018), report and recommendation adopted, 2018 WL 851291 (C.D. Cal. Feb. 12,

18  2018) ("Because all of Plaintiff's claims stem from her frivolous assertions regarding her

19  sovereign status and amendment would therefore be futile, the Complaint must be

20  dismissed with prejudice.").  Without that theory, plaintiff has no basis to claim that the

21  conduct by defendants that he primarily relies upon to substantiate his claims—namely,

22  defendant JP Morgan Chase's maintaining or enforcing any rights it may have to the

23  property under the mortgage agreement, Compl. at 3-4, including selling the property,

24  Dkt. 19 at 2—is unlawful.

25

26

27  [2] Dkt. 19 at 2 ("I also accepted alliodial economic liberty of my mortgage trust deed
    conveyance and [sic] broke all contracts with any corporate entities who may have
28  assumed power of attorney over me. . . . As the original sovereign Aboriginals we own
    the Natural resources of the land gold and silver tender as the first creditors [sic].").

**CONCLUSION**

For the above reasons, the court **GRANTS** defendants' motion to dismiss. Because plaintiff failed to identify any basis upon which he could amend his complaint to state cognizable claims, the court grants the dismissal **WITH PREJUDICE**. The court **DENIES** defendants' requests for judicial notice (as well as any implied by the attachments to plaintiff's opposition) as unnecessary to resolve this motion.

**IT IS SO ORDERED.**

Dated: March 2, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge